UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

T. D.,

        Plaintiff,

v.                1:17-CV-0243
                   (WBC)
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

APPEARANCES:           OF COUNSEL:

T.D.                PRO SE
P.O. Box 473
Claverack, NY 12513

U.S. SOCIAL SECURITY ADMIN.     PRASHANT TAMASKAR, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
 Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

   This matter was referred to me, for all proceedings and entry of a final judgment, pursuant to the Social Security Pilot Program, N.D.N.Y. General Order No. 18, and in accordance with the provisions of 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, N.D.N.Y. Local Rule 73.1 and the consent of the parties. (Dkt. Nos. 4, 21.).

   Currently before the Court, in this Social Security action filed by T.D. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-motions for

judgment on the pleadings. (Dkt. Nos. 13, 18.) For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1961. (T. 87.) She completed two years of college. (T. 207.) Generally, Plaintiff's alleged disability consists of depression, high cholesterol, anxiety, panic disorder, knee condition with pain, heart arrhythmia, diabetes, high blood pressure, and a thyroid condition. (T. 206.) Her alleged disability onset date is November 30, 2011. (T. 87.) Her date last insured is March 31, 2017. (*Id.*) She previously worked as a medical transcriptionist and reservation agent. (T. 208.)

### B. Procedural History

On July 25, 2013, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act. (T. 87.) Plaintiff's applications were initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On July 22, 2015, Plaintiff appeared before the ALJ, Brian LeCours. (T. 30-68.) On August 13, 2015, ALJ LeCours issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 8-29.) On December 30, 2016, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 13-24.) First, the ALJ found Plaintiff met the insured status requirements through March 31, 2017 and Plaintiff had not engaged in substantial gainful activity since November 30, 2011. (T. 13.) Second, the ALJ found Plaintiff had the severe impairments of affective disorder, anxiety disorder, and right knee iliotibial band tendonitis/chondromalacia of the patella. (*Id.*) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 15.) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform medium work[1], except:

> she can lift, carry, push, and pull up to 50 pounds occasionally and 25 pounds frequently; can sit for six hours in an eight-hour workday; can stand/walk for six hours in an eight-hour workday; can occasionally kneel and crouch; can never climb ladders, ropes, and scaffolds; must avoid concentrated exposure to hazardous conditions, such as unprotected heights and dangerous machinery; can perform work consisting of unskilled tasks requiring little or no judgment to do simple duties that can be learned on the job in a short period of time; and can have minimal interaction with the general public and occasional interaction with coworkers and supervisors.

(T. 16.) Fifth, the ALJ determined Plaintiff was incapable of performing her past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 22-23.)

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

---

[1]     Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work. 20 C.F.R. §§ 404.1567(c), 416967(c).

Plaintiff makes one argument in support of her motion for judgment on the pleadings. Plaintiff argues the RFC as determined by the ALJ is not supported by substantial evidence in the record. (Dkt. No. 13 at 3-5 [Pl.'s Mem. of Law].)

### B. Defendant's Arguments

In response, Defendant makes one argument. Defendant argues substantial evidence supports the ALJ's finding that Plaintiff had moderate difficulties in social functioning. (Dkt. No. 18 at 6-10 [Def.'s Mem. of Law].)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.  Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual

functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.  ANALYSIS

The RFC is an assessment of "the most [Plaintiff] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)[2]. The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources. *Id.* §§ 404.1527(d), 404.1545(a)(3), 404.1546(c), 416.927(d), 416.945(a)(3), 416.946(c).

Plaintiff argues the ALJ did not properly weigh the opinion of consultative examiner, Nicole Bromley, Psy.D., regarding Plaintiff's ability to interact with others and deal with stress. (Dkt. No. 13 at 3-5 [Pl.'s Mem. of Law].) Of note, Plaintiff does not challenge the ALJ's assessment of her physical limitations or the other aspects of her mental RFC.

On February 12, 2014, Dr. Bromley performed a psychiatric evaluation and provided a medical source statement. (T. 349-353.) On examination Dr. Bromley observed Plaintiff was cooperative with an adequate manner of relating. (T. 351.) Dr. Bromley observed Plaintiff was well groomed with appropriate eye contact. (*Id.*) The

---

[2]  Effective March 27, 2017, many of the Regulations cited herein have been amended, as have SSRs. Nonetheless, because Plaintiff's social security application was filed before the new Regulations and SSRs went into effect, the Court reviews the ALJ's decision under the earlier Regulations and SSRs.

6

doctor noted Plaintiff's speech was intelligibly fluent, she had clear quality of voice, and she had adequate expressive and receptive language. (*Id.*) Dr. Bromley noted Plaintiff's thought processes were coherent and goal directed with no evidence of hallucinations, delusions, or paranoia. (*Id.*) The doctor observed Plaintiff's affect was depressed and anxious; her mood was dysthymic; her sensorium was clear; and she was oriented. (*Id.*) Dr. Bromley observed Plaintiff's attention and concentration were intact; her recent and remote memory were intact; her cognitive functioning was average; and her insight and judgment were fair. (*Id.*)

> In a medical source statement, Dr. Bromley opined there was:
>
> [n]o evidence of limitation following and understanding simple directions and instructions. No evidence of limitation performing simple tasks independently. No evidence of limitations maintaining attention and concentration. No evidence of limitation maintaining a regular schedule. No evidence of limitation learning new tasks. No evidence of limitation performing complex tasks independently. No evidence of limitation making appropriate decisions. She is markedly limited relating adequately with others. She is markedly limited appropriately dealing with stress. Difficulties are caused by anxiety and depression. The results of the exam appear to be consistent with psychiatric problems, but in itself does not appear to be significant enough to interfere with [Plaintiff's] ability to function on a daily basis.

(T. 352.)

The ALJ afforded Dr. Bromley's opinion "significant weight." (T. 22.) However, the ALJ afforded the doctor's opinion, that Plaintiff had "marked" limitations relating adequately with other and dealing appropriately with stress, "little weight." (*Id.*) The ALJ reasoned the limitations were based "substantially" on Plaintiff's subjective reports and disregarded the doctor's own mental status notes. (*Id.*) The ALJ determined Plaintiff could have minimal interaction with the general public and occasional interaction with coworkers and supervisors. (*Id.*)

An ALJ does not have to strictly adhere to the entirety of one medical source's opinion. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."), *see also Zongos v. Colvin*, No. 12-CV-1007, 2014 WL 788791, at *9 (N.D.N.Y. Feb. 25, 2014) (finding that it was within the ALJ's discretion to afford weight to a portion of a treating physician's opinion but not to another portion). Further, there is no requirement the ALJ accept the opinion of a consultative examiner concerning a plaintiff's limitations. *Pellam v. Astrue*, 508 F. App'x 87, 89-90 (2d Cir. 2013).

Although Plaintiff argues the ALJ's RFC determination was faulty, Plaintiff appears to also argue the ALJ erred in his assessment of Dr. Bromley's opinion at step three. (Dkt. No. 13 at 3-4 [Pl.'s Mem.f o Law].) Plaintiff asserts the ALJ's step three determination was not supported by substantial evidence in the record because Dr. Bromley opined Plaintiff had marked limitations in social functioning. (*Id.*)

First, a step three determination is not an RFC assessment. SSR 96-8p stresses that the "special technique" described in 20 C.F.R. § 404.1520a is not an RFC assessment, and further, the mental RFC assessment used at steps four and five "requires a more detailed assessment." SSR 96-8P (S.S.A. July 2, 1996). Second, the ALJ properly determined Plaintiff had moderate difficulties in

social functioning and provided substantial evidence in the record to support his determination.

At step three of his decision, the ALJ determined Plaintiff had "moderate difficulties" in the area of social functioning. (T. 15.) The ALJ reasoned the objective evidence of the record only suggested mild or no limitations in this area; however, he afforded "extreme deference" to Plaintiff's subjective reports. (*Id.*) The ALJ noted Plaintiff denied difficulty in the area of social functioning on her adult function report and there was no objective evidence to corroborate complaints of panic attacks, anxiety attacks, or social anxiety. (*Id.*) Indeed, when asked if she had any problems getting along with bosses, teachers, police, landlords, or other people in authority, Plaintiff answered "no." (T. 223.) When asked if she ever lost a job because of problems getting along with people, Plaintiff answered "no." (*Id.*)

Plaintiff asserts Dr. Bromley's opinion of marked limitations relating adequately with others and appropriately dealing with stress, is consistent with mental status examinations in the record indicating Plaintiff suffered from anxiety and depression. (Dkt. No. 13 at 4-5 [Pl.'s Mem. of Law].) However, under the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position. Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); *see also Wojciechowski v. Colvin,* 967 F.Supp.2d 602, 605 (N.D.N.Y.

2013) (Commissioner's findings must be sustained if supported by substantial evidence even if substantial evidence supported the plaintiff's position); *see also Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir.1991) (reviewing courts must afford the Commissioner's determination considerable deference and cannot substitute own judgment even if it might justifiably have reached a different result upon a *de novo* review).  Here, substantial evidence in the record supported the ALJ's determination and therefore the ALJ's determination is upheld.

As noted by the ALJ at step three, Plaintiff denied problems getting along with others.  (T. 15.)  Plaintiff testified she had "trouble going out in public with a lot of people."  (T. 40.)  When asked if interaction with people caused anxiety, Plaintiff responded "strangers, yes."  (T. 49.)  Plaintiff indicated at the hearing she went out to the movies and dinner "now and then" when dating her significant other, and when asked if she's go out to dinner and the movies if she had money, she replied "probably."  (T. 56.)  Plaintiff informed Dr. Bromley she socialized with her significant other, his family and her sister.  (T. 352.)

The ALJ further relied on the objective medical evidence in the record in determining Plaintiff's mental RFC.  Although Plaintiff presented with an depressed mood, preoccupations/ruminations, and impaired attention and concentration in April 2012; her affect was full, her speech was clear, her thought process was loose, her perception was within normal limits, she had no delusions, and her insight and judgment were within normal limits.  (T. 630-631.) A provider noted in June of 2012, Plaintiff was alert and cooperative with a normal mood and affect, and normal attention span and concentration.  (T. 506.)

Plaintiff's primary health care provider described Plaintiff's psychiatric examination as "Normal. Mood and Affect" and noted she could no longer complete medical leave forms based on depression if Plaintiff did not seek mental health care. (T. 519, 522, 524, 527.) A provider noted in March of 2015 Plaintiff presented with normal mood and affect. (T. 531.) In May of 2015, a provider noted Plaintiff presented with normal mood and affect and another provider also noted Plaintiff presented with a normal affect and was cooperative. (T. 600, 602.) Dr. Bromley's examination noted Plaintiff was cooperative with an adequate manner of relating. (T. 351.) Of note, no treating source provided a medical source statement.

Further, although Dr. Bromely opined Plaintiff had a "marked" limitation in her ability to deal with stress; she opined Plaintiff was nonetheless capable of performing simple and complex tasks independently and making appropriate decisions. (T. 352.) Dr. Bromely also stated the results of her examination "in itself does not appear to be significant enough to interfere with [Plaintiff's] ability to function on a daily basis." (T. 352.) Therefore, Dr. Bromely's opinion, when read as a whole, indicated Plaintiff's marked limitation in dealing with stress did not prevent her from performing the demands of simple (and complex) work, making appropriate decisions, or functioning on a daily basis.

In addition to Dr. Bromley's examination and statement, a non-examining Stage agency medical consultant, H. Rozelman, Ph.D., reviewed the record and provided an opinion. (T. 83.) Dr. Rozelman opined Plaintiff's mental impairments were non severe. (*Id.*) The doctor further stated Dr. Bromley's

opinion, that Plaintiff "may have difficulty with relating adequately to others," was not supported by the evidence of the record including Dr. Bromley's examination. (*Id.*)

Here, the ALJ provided reasons for not fully adopting Dr. Bromley's opinion of marked limitations and provided support for his mental RFC determination. Essentially the ALJ determined Dr. Bromley's restrictive limitations were inconsistent with Plaintiff's testimony and objective medical evidence in the record. *See Domm v. Colvin*, 579 F. App'x 27 (2d Cir. 2014) (ALJ properly pointed to substantial evidence for giving the medical statement only probative weight, noting that the restrictive assessment was inconsistent with the source's own treatment notes, the conclusion of other medical sources, and plaintiff's testimony regarding her daily functioning).

Although the evidence showed Plaintiff had some problems with social interactions, limited mainly to interactions with stranger and being in crowds, the objective medical evidence did not support Dr. Bromley's opinion Plaintiff had marked limitations in this area. The objective evidence further did not support Dr. Bromley's opinion of marked limitations in the ability to deal with stress. The ALJ adequately incorporated functional limitations due to ability to deal with stress in the RFC, which limited Plaintiff to unskilled work with little or no judgment to do simple duties and minimal interaction with public and occasional interaction with coworkers and supervisors. Therefore substantial evidence supported the ALJ's mental RFC determination.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 18) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:   June 21, 2018

*/s/ Bill Carter*
William B. Mitchell Carter
U.S. Magistrate Judge